**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*,
Felma Hurdle

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FELMA HURDLE,**<br><br>Plaintiff,<br><br>v.<br><br>**CITIMORTGAGE, INC.; AND, EXPERIAN INFORMATION SOLUTIONS, INC.**<br><br>Defendants. | Case No.:<br><br>I.  **THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.;**<br><br>II. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.; AND,**<br><br>III. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. In addition, the United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

///
///
///

**COMPLAINT FOR DAMAGES** PAGE 1 OF 14

3. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

4. FELMA HURDLE ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") and CITIMORTGAGE, INC. ("CitiMortgage") with regard to attempts by Defendants to unlawfully and inaccurately report a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

8. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

of Defendant's named.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendants' violations of (i) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17 ("RFDCPA"); (ii) Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq. ("FCRA"); and (iii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. ("CCCRAA").

12. Because Defendant conducts business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Luis Obispo, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

14. Plaintiff is a natural person who resides in the County of San Luis Obispo, State of California, from whom various debt collectors sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(c); and, 15 U.S.C. § 1681a(c).

15. Defendant Experian is a corporation incorporated in the State of Ohio.

16. Defendant CitiMortgage is a corporation incorporated in the State of New York.

///

///

///

17. Defendant CitiMortgage is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

18. Plaintiff is informed and believes, and thereon alleges, that Defendant CitiMortgage in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

19. Defendant Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

20. This action arises out of a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

21. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

22. At all times relevant, Plaintiff is an individual residing within the State of California.

23. Sometime around April 2002, Plaintiff purchased a home, located in Sacramento, CA 95828 with her now ex-husband, Kenneth A. Hurdle.

///

24. Also around or before April 2002, Plaintiff and Plaintiff's now ex-husband took out a residential mortgage with CitiMortgage, Inc. in regards to the above mentioned home.

25. Sometime before July 2008, Plaintiff and Kenneth A. Hurdle filed for a divorce.

26. On or around July 12, 2008, Plaintiff executed a Quitclaim deed granting Plaintiff's entire interest in the property to her ex-husband.

27. By granting Plaintiff's entire interest to Plaintiff's ex-husband, Plaintiff also relinquished personal liability on the mortgage with CitiMortgage.

28. On or around April 2016, Plaintiff discovered that CitiMortgage had been reporting the mortgage on Plaintiff's credit report.

29. Thereafter, Plaintiff disputed the CitiMortgage tradeline discussed herein pursuant to 15 U.S.C. § 1681i(a)(2) by written communication sent to Experian via certified mail on May 24, 2016.

30. Plaintiff's dispute provided a copy of the Quitclaim Deed and explained that Plaintiff had granted Plaintiff's entire interest in the property as well as any personal responsibility for the mortgage to Plaintiff's ex-husband.

31. Despite providing such evidence, CitiMortgage continues to report the mortgage debt to credit bureaus.

32. Upon information and belief, Experian timely notified CitiMortgage of Plaintiff's dispute.

33. Experian was required to conduct a reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

34. Similarly, CitiMortgage was also required to conduct a reasonable reinvestigation into this specific account on Plaintiff's consumer report upon notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681s-2(b)(1)(A).

///

///

35. In June 2016, Plaintiff received notification from Experian that CitiMortgage and Experian received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6) and was providing the results of the reinvestigation.

36. Despite receipt of this information, CitiMortgage continued collection activity with regard to the CitiMortgage account and has continued to report the alleged debt on Plaintiff's credit report.

37. Experian did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3), yet still allowed the inaccurate CitiMortgage account information to report on Plaintiff's credit reports.

38. Accordingly, Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

39. Further, Experian should have discovered from their records, including Plaintiff's formal dispute, that the Account being reported by CitiMortgage was inaccurate and materially misleading because it suggested that Plaintiff's Account with CitiMortgage was legitimate, even though Plaintiff no longer had any personal obligation or liability to the CitiMortgage Account as a result of the Quitclaim Deed.

40. Accordingly, Experian failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. §1681i.

41. Moreover, CitiMortgage failed to provide notice of dispute to Experian as required by 15 U.S.C. §1681s-2(a)(3).

42. Upon information and belief, CitiMortgage's investigation was unreasonable. More specifically, CitiMortgage should have discovered from its records, including Plaintiff's formal dispute along with Plaintiff providing a copy of the Quitclaim deed, that the information CitiMortgage was reporting was inaccurate and materially misleading because it suggested that the

CitiMortgage Account was still Plaintiff's obligation.

43. Accordingly, CitiMortgage failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by:

   a. Failing to remove all of the disputed and incorrect information, and
   b. Failing to notate, as required, Plaintiff's dispute.

44. CitiMortgage failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

45. Due to CitiMortgage's failure to reasonably investigate, CitiMortgage further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

46. By inaccurately reporting account information after notice and confirmation of its errors, CitiMortgage failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

47. Through this conduct, CitiMortgage has violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that CitiMortgage knew or should known was inaccurate.

48. Plaintiff's continued efforts to correct CitiMortgage's and Experian's erroneous and negative reporting of the CitiMortgage account by communicating Plaintiff's dispute with Experian was fruitless.

49. CitiMortgage's and Experian's continued inaccurate and negative reporting of the CitiMortgage's account in light of their knowledge of the actual error were willful.

///
///
///

50. CitiMortgage's and Experian's failure to correct the previously disclosed inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information. Accordingly, CitiMortgage and Experian willfully and negligently failed to comply with its respective duties to reasonably investigate Plaintiff's dispute.

51. CitiMortgage's and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

52. Subsequently, Plaintiff attempted to obtain goods and/or services only available to consumers with satisfactory credit reports. However, said goods and/or services were denied to Plaintiff due in part to the CitiMortgage tradeline on Plaintiff's credit reports.

53. Said tradeline has affected Plaintiff negatively due to the fact such reporting impacted Plaintiff's debt to income ratio which has lowered Plaintiff's credit score. Moreover, CitiMortgage has also failed to report to the bureaus that the CitiMortgage account at issue is no longer Plaintiff's personal obligation.

54. Through this conduct, CitiMortgage violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, CitiMortgage violated Cal. Civ. Code § 1788.17.

55. Through this conduct, CitiMortgage violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the debt in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, CitiMortgage violated Cal. Civ. Code § 1788.17.

///

///

///

56. Through this conduct, CitiMortgage violated 15 U.S.C. § 1692e(8) by communicating credit information which is known or should be known to be false in connection with the collection of Plaintiff's alleged debt, including the failure to notate the tradeline as disputed. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, CitiMortgage violated Cal. Civ. Code § 1788.17.

57. Through this conduct, CitiMortgage violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, CitiMortgage violated Cal. Civ. Code § 1788.17.

58. Through this conduct, CitiMortgage violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, CitiMortgage violated Cal. Civ. Code § 1788.17.

59. Through this conduct, CitiMortgage violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, CitiMortgage violated Cal. Civ. Code § 1788.17.

60. The repeated and continuous violations described herein have caused Plaintiff unnecessary stress and anxiety. Despite this knowledge, CitiMortgage continued to pursue Plaintiff for an invalid debt causing Plaintiff to suffer.

///
///
///
///
///
///

61. As a direct and proximate result of Defendants' willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate information, without success.

62. Since these efforts were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

65. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant except the Credit Bureaus.

///
///
///
///

# COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681-1681x (FCRA)

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

68. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendants.

69. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

# COUNT III
## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
### CAL. CIV. CODE § 1785.1, ET SEQ.

70. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

71. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

///

///

///

---

**COMPLAINT FOR DAMAGES**      PAGE 11 OF 14

72. In the regular course of its business operations, Defendants routinely furnish information to credit reporting agencies pertaining to transactions between Defendants and Defendants' consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

73. Because Defendants are each a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendants are and always were obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a). Since Defendants received all documents required to determine the fraudulent nature of Plaintiff's alleged debts, Defendants should have known that the accounts at issue did not belong to Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendants for each incident of willful noncompliance of the FCRA;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;
- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendants for each incident of willful noncompliance to the FCRA;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;

- An award for costs and reasonable attorney's fess, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendants for each incident of negligent noncompliance of the FCRA;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually;
- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA;
- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendants for each incident of noncompliance of the FCRA;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;
- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b); and,
- Any and all other relief the Court deems just and proper.

///
///
///
///
///

## TRIAL BY JURY

74. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 29, 2016            Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ___/s/ Matthew M. Loker___
    MATTHEW M. LOKER, ESQ.
    ATTORNEY FOR PLAINTIFF